UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CLYDE DAVISON, *pro se*, :
:
                Plaintiff, : **SUMMARY ORDER**
: 07-CV-3225 (DLI) (LB)
    -against- :
:
NEW YORK CITY TRANSIT AUTHORITY, :
:
                Defendant. :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff, a former employee of New York City Transit Authority ("Authority"), filed the instant *pro se* action alleging that, in terminating him, the Authority violated federal law. Defendant filed the instant motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal on the grounds that plaintiff's claims are barred by the applicable statute of limitations and res judicata. (Docket Entry No. 9.) Plaintiff opposed the motion. Additionally, plaintiff filed what is captioned as a motion for a more definite statement. (Docket Entry No. 16.) For purposes of this Order, the court consolidates these two motions. For the reasons set forth more fully below, defendant's motion is granted in its entirety and the case is dismissed with prejudice. Plaintiff's motion for a more definite statement is denied as moot.

## BACKGROUND

      The following facts are undisputed and taken from the complaint and its attachments unless otherwise noted. Plaintiff, a former employee of the Authority, worked as a Car Inspector until December 12, 2000.[1] At some time during his tenure with the Authority or shortly thereafter,

---

[1] Defendant disputes this date and the court notes that defendant began litigating his termination in 1995, *see Davison v. New York City Trans. Auth.*, 95-CV-3681(DGT)(CLP); however, for purposes of this motion, the court will use the date most favorable to the plaintiff,

plaintiff suffered an allegedly disabling injury. Plaintiff began a series of litigations against the Authority. Prior to the instant action, plaintiff filed four unsuccessful lawsuits against the Authority, asserting similar or the same claims. *See* 99-CV-4077(DGT)(JLC), 99-CV-3101(DGT)(VVP), 96-CV-5078(DGT)(CLP), 95-CV-3681(DGT)(CLP).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission on March 26, 2007, and received a right to sue letter dated June 4, 2007, indicating that his complaint was untimely. Plaintiff then filed the instant action on August 2, 2007, alleging claims under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000(e) *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967, 81 Stat. 602, as amended, 29 U.S.C. § *et seq*. (1994 ed. and Supp. III) ("ADEA"), and the Americans with Disabilities Act of 1990, 104 Stat. 330, 42 U.S.C. § 12111 *et seq*. ("ADA"). Additionally, the compliant can be construed to allege pendent claims arising under New York State Executive Law and New York City Human Rights Law. Plaintiff alleges that the following discriminatory conduct occurred: termination of employment, failure to accommodate his disability, unequal terms and conditions of employment, and retaliation. He alleges that the discrimination occurred in 1989, 1994, 1995, and 1998, on the basis of his race, age, and disability.

## DISCUSSION

I.  **Plaintiff's Title VII, ADEA, and ADA Claims**

To survive a motion to dismiss, the claims alleged must be timely when a complaint is filed. An individual seeking to bring claims under Title VII, the ADEA, and the ADA must file a complaint with the EEOC within 300 days of the alleged discriminatory act. *See Williams v. New*

---

which is December 12, 2000.

*York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). Claims based on conduct occurring more than 300 days before the filing of an EEOC complaint are time-barred. *See Butts v. New York City Dep't of Hous. Preserv. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), abrogated by statute on other grounds, *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 693 (2d Cir. 1998). Construing the complaint broadly, and in the light most favorable to plaintiff, the most recent discriminatory act alleged was plaintiff's termination on December 12, 2000. This conduct occurred over five years before plaintiff filed his most recent complaint with the EEOC. Plaintiff's claims under Title VII, the ADEA, and the ADA are dismissed with prejudice as untimely.

## II. Plaintiff's Additional Claims

Construing the complaint broadly and in the light most favorable to *pro se* plaintiff, it is arguable that plaintiff has alleged claims arising under 42 U.S.C. §§ 1981, 1983, and 1985, and New York State Executive Law, and New York City Human Rights Law. Again, to survive a motion to dismiss, each claim must be timely when filed. Sections 1981, 1983, and 1985 have no express statutes of limitation. The timeliness of claims arising under these statutes is the most appropriate one provided by state law, which is three years in this district. *See Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d. Cir. 2004) ("The statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years."); *Rodriguez v. Hynes*, 1995 WL 350042, *6 (E.D.N.Y. Jun. 8, 1995) ("Charges of conspiracy to commit civil rights violations under 42 U.S.C. section 1985 are governed by the forum state's general personal injury statute of limitations, which in New York is three years."). Additionally, claims brought under New York State Executive Law § 296 and the New York City Human Rights Law are subject to a three-year statute of limitations. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998) (holding that claims filed under New

3

York City Human Rights Law are subject to a three-year statute of limitations); *Warren v. North Shore Univ. Hosp.*, 03-CV-19, 2006 WL 2844259, *4 (E.D.N.Y. Sept. 29, 2006) (holding that claims brought under New York State Executive Law are subject to a three-year statute of limitations). The only conduct relevant to resolution of these claims is conduct that occurred on or after August 2, 2004. All of the alleged discriminatory acts occurred years before this date. Plaintiff's claims under Sections 1981, 1983, and 1985, as well as New York Executive Law § 296, and the New York City Human Rights Law are dismissed with prejudice as untimely.

## III. Res Judicata

The Authority asserts and additional ground for dismissal—the doctrine of res judicata. The court declines to resolve this issue as the complaint is dismissed in its entirety on timeliness. Whether the claims are additionally barred by res judicata is moot.

## IV. Leave to Amend

Ordinarily, courts should grant leave to *pro se* plaintiffs, at least once, to amend their complaints. If repleading would be futile, however, courts should deny leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend). In light of the complaint's infirmities, the court declines to afford plaintiff leave to amend. The court must conserve its time and resources, which are more properly devoted to legitimate litigants and their claims.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted in its entirety. The complaint is dismissed and plaintiff's motion for a more definite statement is denied as moot.

SO ORDERED.

DATED: Brooklyn, New York
August 8, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge